UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00046-TBR

AGRI-POWER, INC. d/b/a H&R AGRI-POWER                                Plaintiff

v.

MAJESTIC JC, LLC, *et al.*                                                        Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Agri-Power, Inc.'s Motion to Remand. (Docket No. 5.) Defendants Majestic JC, LLC, Joseph Costner, and Robert Costner have responded, (Docket No. 6), and Plaintiff has replied, (Docket No. 7). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion will be GRANTED and this action REMANDED to Christian Circuit Court.

BACKGROUND

This action arises from an agreement to purchase farm equipment. That agreement required Defendants to pay $30,000 at the time of sale as a down payment. Plaintiffs state that Defendants paid the down payment with a check that was subsequently dishonored, but nonetheless took possession of the equipment and used it to harvest their crops. Plaintiff originally filed this action in Christian Circuit Court on February 22, 2013, claiming fraud, theft, and conversion, and seeking punitive damages based on Defendants' alleged fraudulent acts. Defendants removed this case on March 29, 2013, on the basis of diversity jurisdiction. (Docket No. 1.)

Plaintiff now moves to remand this action to Christian Circuit Court, arguing that the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332(a) is not met. Plaintiff states that it seeks to recover only $24,000 in compensatory damages, representing the expenses it incurred to recover possession of the equipment. Plaintiff also avers that it seeks punitive damages in an amount not to exceed $24,000.[1] Plaintiff also attaches a Stipulation to its instant Motion, in which it states that it will not accept a total damages award in excess of $50,000. That Stipulation reads, in its entirety:

> Plaintiff, Agri-Power, Inc., hereby stipulates that it seeks to recover from Defendants in this action approximately $24,000.00 in compensatory damages, together with punitive damages not to exceed $24,000.000. Agri-Power, Inc. will not accept an award of damages that exceeds $50,000.00 in total, exclusive of interests and costs.

(Docket No. 5-2, at 1.) Plaintiff urges that because it has stipulated that its damages are below the requisite threshold for diversity jurisdiction, this Court lacks subject-matter jurisdiction and should remand this matter to Christian Circuit Court.

Defendants respond in opposition, arguing that Plaintiff's several claims more likely than not exceed the necessary amount for diversity jurisdiction. Defendants also argue that Plaintiff's Stipulation is equivocal and attempts to change, rather than clarify, the damages sought in Plaintiff's original Complaint.

---

[1] Because Ky. R. Civ. P. 8.01(2) prohibits a plaintiff seeking unliquidated damages from pleading a specific amount, these amounts are not identified in Plaintiff's original Complaint.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a).

A defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This standard, however, "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* (quoting *Gafford*, 997 F.2d at 158). In determining whether a defendant has met its burden, the Court must look to the damages alleged at the time of removal. *Id.* at 573. Furthermore, the Sixth Circuit has expressly instructed: "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Id.* at 572 (alteration in original) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)).

Thus, the Court is faced with two issues: (1) whether the amount in controversy exceeds $75,000, and (2) whether Plaintiff's postremoval stipulation destroys the $75,000 amount-in-controversy requirement for § 1332 jurisdiction.

### A. The Amount in Controversy

The Court has addressed this first issue on multiple occasions and in a variety of factual circumstances. *See, e.g.*, *Winburn v. Metro. Direct Prop. & Cas. Ins. Co.*, 2007 WL 891865 (W.D. Ky. March 20, 2007); *Shofner v. Mid-America Harborside Healthcare*, 2007 WL 433118 (W.D. Ky. Feb. 5, 2007); *Sparks v. Wal-Mart Stores, Inc.*, 2007 WL 101850 (W.D. Ky. Jan. 10, 2007). Despite the Court's familiarity with the issue, Congress recently amended the procedure for removing certain civil actions. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446). Of specific importance to the present case is the addition of 28 U.S.C. § 1446(c)(2).

As amended, § 1446 permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." § 1446(c)(2)(A)(ii). Removal from such a jurisdiction is proper upon the defendant's assertion of the amount in controversy "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." § 1446(c)(2)(B). These recently enacted congressional amendments are applicable in the present case because Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings. *See* Ky. R. Civ. P. 8.01(2), 54.03(2). Therefore, the first issue that must be addressed is whether Defendants have shown that it is more likely than not that the amount in controversy exceeds $75,000. Upon reviewing the record, the Court finds that Defendants have made such a showing.

Plaintiff makes clear in its instant Motion that it does not seek the value of the dishonored check ($30,000) or the sale price of the equipment sold ($228,812.21); instead, Plaintiff seeks only compensatory damages for the amount expended to recover possession of the equipment ($24,000). However, considering that Plaintiff seeks punitive damages, it becomes clear that the amount in controversy more likely than not is beyond $75,000, even using Plaintiff's stated compensatory-damage amount of $24,000. The Supreme Court has embraced a punitive-to-compensatory damages ratio near 4:1. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-26 (2003). Even reducing that amount to a more conservative 3:1 ratio would result in Plaintiff being awarded $72,000 in punitive damages. That amount combined with the $24,000 sought in compensatory damages totals $96,000, which is well above the statutory requirement.

### B.     Plaintiff's Stipulation

In regard to the second issue at hand, this Court recently noted that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold "are generally disfavored because '[i]f the plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable.'" *Proctor v. Swifty Oil Co.*, 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)). Thus, as the Sixth Circuit advises, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. However, where a state prevents a plaintiff from pleading a specific amount of damages—as is the case in

Kentucky—and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. *See, e.g.*, *Proctor*, 2012 WL 4593409, at *3. Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount greater than $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for § 1332 jurisdiction. *See, e.g.*, *Spence v. Centerplate*, --- F. Supp. 2d ---, 2013 WL 1163991, at *2 (W.D. Ky. Mar. 21, 2013). Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand." *Proctor*, 2012 WL 4593409, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)).

A pair of recent decisions by this Court is helpful in determining whether Plaintiff's Stipulation here is sufficient to destroy jurisdiction. First, in *Egan v. Premier Scales & Systems*, the plaintiff executed an affidavit stating that she "will accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." 237 F. Supp. 2d at 775. The Court found this statement less than unequivocal, reasoning that the plaintiff failed to actually limit the amount of a potential judgment: "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.* at 778. In contrast, in *Van Etten v. Boston Scientific Corp.*, the plaintiff stated in his motion to remand that he "hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00." 2009 WL 3485909, at *1 (W.D. Ky. Oct. 23, 2009). There, the Court found that: "[o]n its face, Plaintiff's

statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint." *Id.*; *accord Spence*, 2013 WL 1163991, at *2 (finding unequivocal a plaintiff's stipulation that read: "Plaintiff expressly asserts . . . that Plaintiff will not seek <u>or accept</u> an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (emphasis in original)).

In the present case, Plaintiff stipulates that it "seeks to recover . . . $24,000.00 in compensatory damages, together with punitive damages not to exceed $24,000.00 [and] will not accept an award of damages that exceeds $50,000.00 in total, exclusive of interest and costs." (Docket No. 5-2, at 1.) This language seems to fall closer to that which the Court found unequivocal in *Van Etten* and *Spence*. While Plaintiff does not follow the exact language of the stipulations in those cases, the effect is the same. By stating that it "seeks to recover . . . $24,000.00 in compensatory damages, together with punitive damages not to exceed $24,000.00," Plaintiff effectively stipulates that it will not seek damages in excess of the jurisdictional amount; by stating that it "will not accept an award of damages that exceeds $50,000.00 in total," Plaintiff effectively stipulates that it also will not accept damages in excess of the jurisdictional amount.

Additionally, the Court finds that a plain reading of Plaintiff's Stipulation leaves Plaintiff little room to escape the bounds of its stipulated restrictions. Although Plaintiff's actual damages may be proven in an amount exceeding $75,000, the Kentucky state court will be forced to rely on this Stipulation to prevent the award of damages from exceeding the stipulated maximum amount of $50,000. As the

U.S. Supreme Court recently held, stipulations such as that here are "binding and conclusive . . . and the facts stated are not subject to subsequent variation ." *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 130 S.Ct. 2971, 2983 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, "[s]tipulations must be binding" because they amount to an "express waiver made . . . by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (quoting 9 J. Wigmore, *Evidence* § 2588, 821 (J. Chadbourn rev. 1981)). Although aware that a party may, for whatever reason, seek to use the stipulation mechanism as a tactic to avoid federal diversity jurisdiction, the Court is convinced that, here, Plaintiff will be constrained to recovering an amount not to exceed $50,000 in accordance with its express Stipulation.

## CONCLUSION

Having considered the parties' respective arguments and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Plaintiff Agri-Power, Inc.'s Motion to Remand, (Docket No. 5), is GRANTED, and this action is REMANDED to Christian Circuit Court.

IT IS SO ORDERED.

Date:


cc: Counsel
      Clerk, Christian Circuit Court